IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE LOSCIALE § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:17-cv-00016 |
| § | JURY REQUESTED |
| STATE FARM LLOYDS § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present action from the 215th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

## I.
### PROCEDURAL BACKGROUND

1. Plaintiff, Lee Losciale, filed this action on November 29, 2016, against State Farm Lloyds in the 215th Judicial District Court of Harris County, Texas. That case was docketed under cause number 2016-82032 (the "State Court Action").

2. State Farm was served with process on December 6, 2016.

3. State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 215th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

4. Plaintiff's Original Petition filed in the State Court Action included a jury demand.

## II.
### NATURE OF SUIT

5. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiff's claim for damages allegedly caused by a storm on or about April 19, 2015. Plaintiff asserts causes of action against State Farm for breach of contract, breach of the duty of good faith and fair dealing, and violations of Chapter 541 and Chapter 542 of the Insurance Code.

6. Plaintiff reported his claim on April 6, 2016, and State Farm inspected the insured property on April 15, 2016, May 17, 2016, and November 2, 2016. Shortly after each inspection, State Farm sent written correspondence to Plaintiff explaining the covered losses did not exceed the deductible.

7. Plaintiff's counsel then instituted the current suit on November 29, 2016.

## III.
### BASIS OF REMOVAL

8. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. At the time this action was commenced, Plaintiff Lee Losciale was, and still is, a resident of Harris County, Texas.  Pl.'s Pet. at ¶ 1.

10. State Farm was at the time this action commenced, and still is, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See* Affidavit of Jim Larson*.; Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Accordingly, State Farm is not a citizen of the State of Texas. *See Griggs v. State Farm Lloyds,*

181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Alonzo v. State Farm Lloyds,* No. SA-06-SA-0326-XR, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (State Farm Lloyds held to be diverse from Texas plaintiffs); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same); *Rappaport v. State Farm Lloyds,* No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

11.     Further, Plaintiff's Original Petition clearly shows that he is seeking over $75,000 in damages, satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a). When a petition does not include a specific monetary demand, the removing party can prove the amount in controversy is met by relying on the face of the petition which makes it apparent that damages are likely to exceed $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). First, Plaintiff alleges actual damages in an amount of $61,468.76. Pl.'s Pet. at ¶ 14. He then alleges he is owed penalties of 18% of the amount owed under Chapter 542 of the Insurance Code. *St. Paul Reinsurrance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (holding "interest" or statutory penalties under Texas Insurance Code must be included in calculating amount in controversy); *Watson v. Provident Life & Accident Ins. Co.*, Civil Action No. 3:08-CV-2065-G2009 WL 1437823, at *5 (N.D. Tex. May 22, 2009) (same). Further, Plaintiff alleges he is entitled to attorney's fees through trial and any appeal under Texas Civil Practice and Remedies Code Chapter §§ 38.001-38.003. *Manguno*, 276 F.3d at 723 (attorney's fees provided by state statute included in calculating amount in controversy). Taken together, Plaintiff's alleged damages easily surpasses the $75,000 threshold, considering the combination of attorney's fees and statutory penalties would only have to equal $13,531.24, an amount far

lower than what Plaintiff would actually receive from a favorable judgment. Thus, the amount in controversy requirement is satisfied.

## IV.
### REMOVAL PROCEDURES

12. State Farm was served with process on December 6, 2016. This Notice of Removal is being filed on January 5, 2017. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received a copy of Plaintiff's Original Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b).

13. Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. *See* 28 U.S.C. § 124(b)(2). Thus, venue is proper because this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

14. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

15. A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on the Plaintiff promptly. *See* 28 U.S.C. § 1446(d).

## V.
### PRAYER

Defendant, State Farm Lloyds, respectfully requests that the above-styled action now pending in the 215th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff take nothing by his suit against State Farm Lloyds, and for such other and further relief to which State Farm Lloyds may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal I.D. No. 21382
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, STATE FARM LLOYDS**

OF COUNSEL:

**GERMER PLLC**
Mark B. Shutt
State Bar No. 24085583
Federal I.D. No. 2182326
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
mshutt@germer.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 5th day of January, 2017.

Sean H. McCarthy                                                         **VIA E-SERVICE**
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

_____
**DALE M. "RETT" HOLIDY**