# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1. Sean H. McCarthy
   smccarthy@williamskherkher.com
   WILLIAMS KHERHER HART BOUNDAS, LLP
   8441 Gulf Freeway, Suite 600
   Houston, Texas 77017
   Telephone: (713) 230-2200
   Facsimile: (713) 643-6226

   *Attorney for Plaintiff,*
   *Lee Losciale*

2. Dale M. "Rett" Holidy
   rholidy@germer.com
   Mark Shutt
   mshutt@germer.com
   GERMER PLLC
   America Tower
   2929 Allen Parkway, Suite 2900
   Houston, Texas 77019
   Telephone: (713) 650-1313
   Facsimile: (713) 739-7420

   *Attorneys for Defendant,*
   *State Farm Lloyds*

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**LEE LOSCIALE VS. STATE FARM LLOYDS**

(a)   Plaintiff's Original Petition and Jury Demand;
(b)   Return Receipt showing service on Defendant, State Farm Lloyds;
(c)   Defendant State Farm Lloyds' Original Answer
(d)   Docket/Case Summary Sheet.



**CORPORATION SERVICE COMPANY®**

null / ALL
**Transmittal Number: 15951294**
**Date Processed: 12/06/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP |
| | Corporation Service Company- Wilmington, DELAWARE |
| | 2711 Centerville Road |
| | Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds |
| | Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyd's |
| **Title of Action:** | Lee Losciale vs. State Farm Lloyd's |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2016-82032 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/06/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sean McCarthy |
| | 713-230-2200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

RECEIPT NO. 75.00 CTM
**********
TR # 73315423

| | |
|---|---|
| PLAINTIFF: LOSCIALE, LEE<br>vs.<br>DEFENDANT: STATE FARM LLOYD'S | In The    215th<br>Judicial District Court<br>of Harris County, Texas<br>215TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYD'S BY SERVING THROUGH ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY

    211  E 7TH STREET SUITE 620    AUSTIN  TX  78701

    Attached is a copy of <u>PLAINTIFFS' ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>

This instrument was filed on the <u>29th day of November, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 29th day of November, 2016, under my hand and
seal of said Court.

<u>Issued at request of:</u>
MCCARTHY, SEAN HUDSON
8441 GULF FREEWAY, SUITE 600
HOUSTON, TX  77017
Tel: (713) 230-2200
<u>Bar No.:</u> 24065706

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//10550236

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFFS' ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS
to the following addressee at address:

_____

_____

(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the
    return receipt incorporated herein and attached
    hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

CHRIS DANIEL, District Clerk
Harris County, TEXAS

By _____, Deputy

11/29/2016 11:30:15 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13997366
By: Nelson Cuero
Filed: 11/29/2016 11:30:15 AM

# 2016-82032 / Court: 215

## CAUSE NO. _____

| | | |
|---|---|---|
| **LEE LOSCIALE** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYD'S** | § | |
| | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiff Lee Losciale files this Original Petition against Defendant State Farm Lloyd's ("State Farm") and alleges the following:

### I. THE PARTIES

1.      Plaintiff Lee Losciale is a Texas resident who resides in Harris County, Texas.

2.      State Farm is an insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 E. 7th Street, Ste. 620, Austin, TX 78701.

### II. DISCOVERY

3.      This case is intended to be governed by Discovery Level 1.

### III. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the Court's minimum jurisdictional limits.  As of today, Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.      This Court has personal jurisdiction over State Farm because State Farm is licensed to do business in Texas and Plaintiffs' causes of action arise out of State Farm's wrongful business activities within Harris County, Texas.

6.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(c) because all or a substantial part of the events or omissions giving rise to the suit occurred in Harris County.  Specifically, the loss at issue occurred in Harris County.

## IV. FACTUAL BACKGROUND

7.      Mr. Losciale is the named insured under a property insurance policy issued by State Farm (the "Policy").  The Policy states that the location of the property insured is 16627 Hope Farm Ln., Cypress, TX 77429 (the "Property").  The Policy expressly covers all accidental direct physical loss to the Property caused by a windstorm.

8.      On or about April 19, 2016, a windstorm accompanied by hail hit the Harris County area causing damage to the Property.  The windstorm caused extensive damage to the Property, including substantial damage to the Property's roof and interior.

9.      All of this damage to the Property was covered by the express terms of the Policy. Mr. Losciale subsequently filed a claim with State Farm under the Policy and asked State Farm to cover all damage pursuant to the express terms of the Policy.  State Farm assigned them the claim number 53847C417.

10.      State Farm assigned an adjuster to adjust the claim and instructed him to inspect the Property for storm damage.  The adjuster conducted a substandard investigation and inspection of the Property.  The adjuster was either improperly trained, or intentionally ignored the damages that were present.  Moreover the adjuster failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time.  He spent an inadequate amount of time inspecting the Property's roof and either negligently or intentionally failed to document obvious damage on the entire roof caused by the windstorm.  Incredibly, he determined that there was no damage to the roof.  In truth, the entire roof suffered severe enough damage to require complete replacement and that damage was obviously present at the time he inspected it.  He also missed

2

obvious damage to other parts of the Property including damage to the gutters and siding. He failed to note the extensive water damage throughout the interior and instead noted only minor damage. In short, he failed to conduct a reasonable inspection. Instead, he pursued an outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Mr. Losciale's losses on the Property, which is evident by the fact he either missed or ignored the vast majority of the damages that were obviously present during the inspection.

11.     Following his inadequate and unreasonable inspection, State Farm denied coverage to the claim.

12.     Mr. Losciale requested a re-inspection. State Farm sent a second adjuster. The second adjuster once again either negligently failed to see or intentionally ignored obvious wind and hail damage to the roof. He did, however, find additional damage to the interior. The second adjuster never provided a copy of his findings to Mr. Losciale. Likewise, State Farm never communicated the results of its re-inspection to him until after Mr. Losciale retained counsel and sent notice of his intent to file suit.

13.     State Farm then inspected the Property for a third time. The third adjuster also either negligently failed to see or intentionally ignored obvious wind and hail damage to the roof. He did, however, conclude there was in fact wind and hail damage to the roof and other exterior locations. He also noted more interior damage than the prior two adjusters.

14.     The actual damage to the Property is extensive. The entire roof must be replaced. Part of the ceilings in the living room and two bedrooms must be replaced. Walls in two bedrooms must be repainted. The actual covered damage to the Property caused by the windstorm with hail will cost Mr. Losciale approximately $61,468.76 to repair and/or replace.

3

## V. CAUSES OF ACTION

15.     Plaintiff incorporates each and every previous paragraph by reference in the following:

### A.     Breach of Contract

16.     State Farm had a contract of insurance with Mr. Losciale that covered the Property damage described above. State Farm breached the terms of the contract by wrongfully denying the claim. As a direct result, Mr. Losciale was damaged because he lost the benefit of the bargain, namely that in return for premium payments, State Farm would pay to repair the covered loss to the Property.

### B.     Bad Faith/Unfair Settlement Practices

17.     Plaintiff pleads this cause of action in the alternative to its breach of contract claim.

18.     State Farm is required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

19.     State Farm violated Texas Insurance Code § 541.051 by making statements misrepresenting the terms and/or benefits of the Policy.

20.     State Farm violated Texas Insurance Code § 541.060 by:

    i.     Misrepresenting to Mr. Losciale a material fact or policy provision related to the coverage at issue;

    ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    iii.     Failing to promptly provide to Mr. Losciale a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with State Farm's denial of a claim or offer of a compromise settlement for the claim;

4

       iv.     Refusing to pay the claim without conducting a reasonable investigation of the claim; and

       v.     Failing within a reasonable time to affirm or deny coverage of a claim to Mr. Losciale or submit a reservation of rights letter to them.

21.    State Farm violated Texas Insurance Code § 541.061 by:

       i.     Making an untrue statement of material fact;

       ii.     Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

       iii.     Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

## C.    Prompt Payment of Claims Statute

22.    State Farm's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.051 *et seq.*

23.    As such, Mr. Losciale is entitled to an additional 18% interest on his claim for damages and attorneys' fees pursuant to Texas Insurance Code Article 542.060.

## D.    Attorneys' Fees

24.    Mr. Losciale engaged the undersigned attorney to prosecute this lawsuit against the defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.    Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides Mr. Losciale his reasonable and necessary attorneys' fees because he is represented by an attorney, presented the claim to the defendant and the defendant did not tender the amount owed within 30 days after they received the claim.

5

26.     Mr. Losciale is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## VI. CONDITIONS PRECEDENT

27.     All conditions precedent to Mr. Losciale's right to recover have been fully performed, or alternatively, been waived by the defendant.

## VII. JURY TRIAL REQUEST

28.     Plaintiff requests a trial by jury and has tendered the appropriate fee.

## VIII. REQUEST FOR DISCLOSURES

29.     Plaintiff requests the defendant to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.

30.     In addition, the defendant is requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## IX. PRAYER

Plaintiff prays that, upon final hearing of the case, they recover all damages, including:

(i)      any amount owed under the Policy;

(ii)     pre-judgment interest;

(iii)    post-judgment interest;

(iv)     court costs;

(v)      attorneys' fees;

(vi)     interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions;

(vii)    amounts owed under the Texas Insurance Code's Unfair Settlement Practices section(only in the alternative as to any amount under the Policy); and

(viii)   any other relief that he shows he is entitled to receive.

6

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: /s/ Sean H. McCarthy
  Sean H. McCarthy
  State Bar No. 24065706
  Email: smccarthy@williamskherkher.com
  8441 Gulf Freeway, Suite 600
  Houston, TX 77017
  Telephone: (713) 230-2200
  Facsimile: (713) 643-6226

**ATTORNEY FOR PLAINTIFF**
**LEE LOSCIALE**

7

## PLAINTIFFS' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorneys of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.    You know the response made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8

## **DEFINITIONS AND INSTRUCTIONS**

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term shall include, but is not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

9

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

G.  "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.  "Property" means the property defined in the Petition.

I.  "Policy" means the insurance policy identified in the Petition.

J.  The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.  In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.  In each instance where you are asked to identify a document, state with respect to each document:

1. The type of document;
2. The general subject matter of the document;
3. The date of the document;
4. The names and addresses of the authors and recipients of the document;
5. The location of the document;
6. The identity of the person who has possession or control of the document;
7. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.  If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.  "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: /s/ Sean H. McCarthy
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226

    **ATTORNEY FOR PLAINTIFFS**
    **LEE LOSCIALE**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

      /s/ Sean H. McCarthy
      Sean H. McCarthy

11

## INTERROGATORIES TO DEFENDANT

1.  Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant (Claim Number 53847C417) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

    **ANSWER:**

2.  Identify by name and title the person and/or person(s) who made the final determination as to the amounts payable to Plaintiffs pursuant to Claim Number 53847C417.

    **ANSWER:**

3.  Identify all amounts reserved for this Claim and if the amount reserved was changed, identify the date the amount reserved was changed, the amount of the change, and the reason for the change in amount reserved.

    **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.   The following insurance documents issued for the Property as identified in the Petition:

    a.   the Policy at issue for the date of loss as identified in the Petition; and
    b.   the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**

2.   The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

**RESPONSE:**

3.   All documents relating to the condition or damages of the Property or any insurance claim on the Property.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**. Admit Plaintiff submitted the claim for storm damage identified with Claim No. 53847C417within the deadlines proscribed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2**. Admit Plaintiff fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3**.  Admit that Defendant should assist its policyholders with their insurance claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4**. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5**. Admit that Defendant should treat its policyholders interests equal to their own.

RESPONSE:

State Farm Lloyd's
By serving through its registered agent
Corporation Service Company
211 E 7th Street Ste 620
Austin, Texas 78701

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyd's
By serving through its registered agent
Corporation Service Company
211 E 7th Street Ste 620
Austin, Texas 78701

2016-82032

9590 9402 1973 6123 3698 73

2. Article Number (Transfer from service label)

7016 1370 0001 2033 2732

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

Chris Safran                           DEC 06 20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2016-82032   215th court   P. 2

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                     ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery                 ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ _____ Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9559 7402 1973 6123 3698 73

TX MAIL PROCESSING ADMIN

United States
Postal Service

16 DEC -9 AM 6: 5.

• Sender: Please print your name, address, and ZIP+4® in this box•

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Unofficial Copy Office of Chris Daniel

12/22/2016 8:42:26 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14417293
By: JEANETTA SPENCER
Filed: 12/22/2016 8:42:26 AM

## CAUSE NO. 2016-82032

| | | |
|---|---|---|
| LEE LOSCIALE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemented petitions filed against it, and shows as follows:

## I.
## GENERAL DENIAL

1.      Defendant State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Defendant denies that Plaintiff has proved that any accidental direct physical loss occurred as a result of the alleged wind or hail event.  Plaintiff

lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

      **3.**      **Deductible/Offset.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

      **4.**      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

      **5.**      **Failure of Policy Considerations/Conditions Precedent.**  Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiff has failed to satisfy some conditions of the policy, including but not limited to:

**SECTION I – CONDITIONS**

\*   \*   \*   \*   \*

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

      a.      give immediate notice to us or our agent…

\*   \*   \*   \*   \*

      d.      as often as we reasonably require:

            (1)      exhibit the damaged property;
            (2)      provide us with records and documents we request and permit us to make copies;

Plaintiff failed to comply with these conditions precedent because he failed to report the claim made the basis of this lawsuit until April 6, 2016, over eleven months after the April 19, 2015 date of loss. This delay in reporting his claim is unreasonable.

6.      **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed the alleged storm.

7.      **Normal Wear and Tear.**   Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.      corrosion, electrolysis or rust;

i.      wet or dry rot;

\* \* \* \* \*

l.      settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\* \* \* \* \*

Plaintiff has claimed roof, exterior, and other damages that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

8.      **Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

\* \* \* \* \*

d.      **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

\* \* \* \* \*

In his Original Petition, Plaintiff is claiming that he has suffered interior water damage that resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

9.      **Bona Fide/Legitimate Dispute.**  A bona fide legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear

and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

11.    **Chapter 38 Attorney's Fees.**   Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.   "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for. . .(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).   Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *See Fleming & Assocs., L.L.P. v. Barton,* 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

12.    **Excessive Demand.**   Defendant further asserts that Plaintiff's claim for attorney's fees is barred in whole or in part by the doctrine of excessive demand.   Plaintiff's purported insurance code letter included a settlement demand in the amount of $65,668.76.   Defendant would show that this is an unreasonable and excessive demand.

13.    **Policy Period.**   Defendant would show that pursuant to the following provision of the policy insurance, coverage is limited to a covered loss which occurs within the time period during which the Policy was in effect:

## SECTION I AND II – CONDITIONS

1.  **Policy Period.**   This policy applies only to loss under Section I …which occurs during the period this policy is in effect.

To the extent Plaintiff is seeking to recover for damage that occurred to the property before or after the policy period in question, any such damage is not covered under this specific provision

in the policy. Policy No. 53-847C-417 was in effect from 11/28/14 to 11/28/15, subject to the terms and conditions therein.

**14.    Recovery Limitations.**    Defendant specifically denies that Plaintiff timely repaired the alleged damages, and, as a result, he is not entitled to replacement cost benefits per the terms of the Policy.    Pursuant to the following provisions of the Policy, Plaintiff's entitlement to recover under the Dwelling and Personal Property coverages of the Policy is subject to the following terms, conditions and limitations:

**COVERAGE A LOSS SETTLEMENT ENDORSEMENT**

**SECTION I – LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction**
is replaced with the following:

    a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

        (1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

        (2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

        (3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damage part of the property within two years after the date

6

of loss , and notify us within 30 days after the work has been completed; and

(4)   we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

b.    Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A-DWELLING EXTENSION.

## OPTIONAL POLICY PROVISIONS

**Option ID - Increased Dwelling Limit** (Applicable to HOMEOWNERS POLICY)

This section is replaced with the following:

**Option ID - Increased Dwelling Limit.** We will settle losses to damaged building structures covered under **COVERAGE A - DWELLING** according to the **SECTION I- LOSS SETTLEMENT** provision shown in the **Declarations**.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the **Declarations**, we will pay the additional amounts not to exceed:

1.   the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2.   10% of the Option I D limit of liability to repair or replace building structures covered under **COVERAGE A - DWELLING, Dwelling Extension.**

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the **Declarations**, if you fail to notify us of the increased value within 90 days.

**Option OL – Building Ordinance or Law** (Applicable to HOMEOWNERS' POLICY)

7

This section is replaced with the following:

1. **Coverage Provided**

   The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

2. **Damaged Portions of Dwelling.**

   When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

3. **Undamaged Portion of the Damaged Dwelling.**

   When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will also pay for:

   a. the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs;

   b. loss to the undamaged portion of the dwelling caused by enforcement of any ordinance of law if:

      (1) the enforcement is directly caused by the same Loss Insured;

      (2) the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

      (3) the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

      (4) the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

8

    c.  legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law if:

        (1) the enforcement is directly caused by the same Loss Insured; and

        (2) the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

4. **Building Ordinance or Law Coverage Limitations.**

    a.  We will not pay for any increased cost of construction under this coverage:

        (1) Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

        (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

    b.  We will not pay more for loss to the undamaged potion of the dwelling caused by the enforcement of any ordinance or law than:

        (1) the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

        (2) the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

    c.  We will not pay more under this coverage than the amount you actually spend:

        (1) For the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

        (2) To demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

**15.**     **Policy Conditions.**  Pleading further, and without waiving any of Defendant's rights to re-plead at a later date, Defendant would show that the policy provisions set forth below could potentially apply in this case. Therefore, to the extent applicable, Defendant asserts the policy provisions and/or policy defenses set forth below. The policy includes the following provisions:

## DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

> ...
>
> 2.  based on your compliance with all applicable provisions of this policy; and

You agree, by acceptance of this policy, that:

> 1.  you will ... comply with the provisions of the policy;
>
> ...
>
> 4.   this policy contains all of the agreements between you and us and any of our agents.

**16.**     **Payment Conditions.**  Payment for Plaintiff's claim under the Policy is subject to the following endorsement and conditions:

## SECTION I – CONDITIONS

8**. Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.

…

10. **Mortgage Clause** (without contribution).

…

    b.  We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the **Declarations** as interests appear.

**17.**      **Written Notice of Claim.**   Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim means' means any written notification provided by a claimant to an insurer that reasonably appraises the insurer of the fact relating to the claim." Proper written notification of claim was not provided by Plaintiff.

**18.**      **Proof of Loss.**   Defendant would show that Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code. Based upon the pleadings and discovery completed to date, Plaintiff is claiming a scope of damage that exceeds the scope of damage identified by Plaintiff during the claim handling process.

**19.**      **Pre-suit Notice Letter.**   Defendant specifically denies that Plaintiff provided State Farm with the written notice required by §541.154 of the Texas Insurance Code. Plaintiff did not provide proper written notice to State Farm before he filed this lawsuit. As of the time of this filing, Plaintiff has not provided a proper demand letter, and, therefore, under 541.154 of the Texas Insurance Code, he is not entitled to attorney's fees.

**III.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS prays that it be released and discharged of all claims brought against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief, general or special, at law or in equity, including taxable costs, to which Defendant is entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 22nd day of December, 2016.

_____
**DALE M. "RETT" HOLIDY**

Harris County Docket Sheet

# 2016-82032

**COURT:** 215th

**FILED DATE:** 11/29/2016

**CASE TYPE:** Other Injury or Damage



### LOSCIALE, LEE

Attorney: MCCARTHY, SEAN HUDSON

### vs.

### STATE FARM LLOYD'S

Attorney: HOLIDY, DALE MARETT

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Chris Daniel District Clerk