United States District Court
Southern District of Texas
**ENTERED**
July 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE LOSCIALE, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4-17-0016 |
| | § | |
| STATE FARM LLOYDS, | § | |
|    Defendant. | § | |

# MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 9] filed by Defendant State Farm Lloyds ("State Farm"), to which Plaintiff Lee Losciale filed a Response and Cross-Motion for Summary Judgment [Doc. # 15], State Farm filed a Combined Response to Plaintiff's Cross-Motion and Reply in support of its own Motion [Doc. # 16], and Plaintiff filed a Reply [Doc. # 17]. Having reviewed the full record and the applicable legal authorities, the Court **grants** Defendant's Motion and **denies** Plaintiff's Cross-Motion.

## I.      BACKGROUND

The material facts in this case are undisputed. Plaintiff's property (the "Property") was insured under a State Farm Homeowners Policy (the "Policy") for approximately $221,500.00. Plaintiff filed an insurance claim on April 6, 2016, reporting that the covered Property was damaged during a storm on April 19, 2015.

State Farm conducted an initial inspection of the Property on April 15, 2016 and, at Plaintiff's request, conducted a second inspection on May 17, 2016, and a third inspection on November 2, 2016. Based on the inspector's report that the storm damage to the Property was below the Policy's deductible amount, State Farm denied Plaintiff's claim on November 7, 2016.

On November 29, 2016, Plaintiff sued State Farm in Texas state court. Plaintiff asserted claims for breach of contract[1] and violations of the Texas Insurance Code. Defendant filed a timely Notice of Removal on January 5, 2017.

At the joint request of the parties, the case was abated pending completion of the appraisal process. On April 10, 2017, the appraisers issued an award establishing the amount of Plaintiff's loss on an actual cash value basis at $22,239.43. The appraisal award established the amount of loss of $25,129.92 on a replacement cost basis. To date, Plaintiff has not submitted any repairs/replacement documentation.

On April 17, 2017, State Farm notified Plaintiff that it would pay the appraisal award loss amount based on the actual cash value award. Simultaneously, State Farm tendered to Plaintiff through her counsel the appraisal award (less depreciation and deductible) of $17,809.43.

---

[1] Plaintiff has withdrawn his breach of contract claim. *See* Response [Doc. # 15], p. 2 n.1.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

## III. ANALYSIS

State Farm seeks summary judgment in this case based on its full and timely payment of the appraisal award. Plaintiff does not dispute that State Farm paid the appraisal award fully, and there is no dispute that State Farm timely paid the award within five business days after giving Plaintiff notice that it would pay the appraisal award. *See* TEX. INS. CODE § 542.027; Policy, ¶ 8, Exh. to Motion [Doc. # 9-1], ECF p. 28.

Under long-standing Texas law, "if the appraisal award has been reached in accordance with the terms of the insurance policy and the insurer has timely tendered the full amount awarded by the appraisers, that conduct is legally sufficient to entitle the insurer to summary judgment on the breach-of-contract claim against it." *See United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 619 (S.D. Tex.), *aff'd*, 624 F. App'x 225 (5th Cir. 2015), and cases cited therein. Similarly, because timely and full payment of an appraisal award precludes a breach of contract claim, extra-contractual claims for fraud, bad faith, and violations of the DTPA and the Texas Insurance Code also fail. *See id.* at 620; *McEntyre v. State Farm Lloyds, Inc.*, 2016 WL 6071598, *6 (E.D. Tex. Oct. 17, 2016).

Plaintiff argues that a recent decision from the Texas Supreme Court "overruled" the vast legal authority regarding the effect of full and timely payment of an appraisal award. In *USAA Tex. Lloyds Co. v. Menchaca*, a case not involving payment of an appraisal award, the Texas Supreme Court attempted to clarify prior rulings regarding the relationship between breach of contract claims under an insurance policy and extra-contractual claims such as those arising under the Texas Insurance Code. *See Menchaca*, __ S.W.3d __, 2017 WL 1311752, *1 (Tex. Apr. 7, 2017). In *Menchaca*, the jury found that the insurance company complied with the terms

of the policy, but found also that the insurer engaged in unfair business practices. The Texas Supreme Court clarified:

> that [1] an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. [2] An insured who establishes a right to receive benefits under the policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. [3] And an insured can recover benefits as actual damages under the Insurance Code even if the insured has no contractual right to those benefits if the insurer's conduct caused the insured to lose that right. [4] If an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the insured is not entitled to receive benefits under the policy. But if the policy does entitle the insured to benefits, the insurer's statutory violation does not permit the insured to recover any actual damages beyond those policy benefits unless the violation causes an injury that is independent from the loss of the benefits. [5] Finally, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*Menchaca*, 2017 WL 1311752, at *12. Plaintiff does not identify on which of these "rules" he relies as support for his Insurance Code claims against State Farm. The Court finds that none apply in this case given State Farm's full and timely payment of the appraisal award. The payment of the appraisal award satisfies Plaintiff's right to receive benefits under the Policy and, therefore, there is no "loss of benefits." Plaintiff has not identified nor presented evidence of an independent loss that does not flow or stem from the original denial of policy benefits. As a result, *Menchaca* does not allow Plaintiff to pursue his Texas Insurance Code claims following full and timely payment of the appraisal award.

Additionally, *Menchaca* does not purport to alter the long-standing case law regarding the effect of full and timely payment of an appraisal award. Post-*Menchaca*, only one Texas Court of Appeals has considered the issue, and it held that prior case law applied in the appraisal context, explaining again that full and timely payment of an appraisal award generally precludes both breach of contract and extra-contractual claims. *See, e.g., Nat'l Security Fire & Cas. Co. v. Hurst*, 2017 WL 2258243 (Tex. App. – Houston [14th Dist.] May 23, 2017).

The *Hurst* court explained that where, as here, the appraisal award has not been set aside, "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law." *Id.* at *5. The full and timely payment likewise precludes extra-contractual claims under the DTPA, the Texas Insurance Code, and for a breach of the duty of good faith and fair dealing. *See id.* at *5-*6. "In order to recover any damages beyond policy benefits, the statutory violation or bad faith must cause an injury that is independent from the loss of benefits." *Id.* at *6 (citing *Menchaca*, 2017 WL 1311752 at *11-*12). In order to allow an extra-contractual claim to proceed, the "independent injury" must be one that does not "'flow' or 'stem' from the denial of policy benefits." *Id.* As recognized by the courts in both *Menchaca* and *Hurst*, "a successful independent-injury claim would be rare, and we in fact have yet to

encounter one." *Id.* (citing *Menchaca*, 2017 WL 1311752 at *12). In this case, Plaintiff has neither alleged nor presented evidence of any independent injury that does not "flow" or "stem" from the initial denial of policy benefits. As a result, the full and timely payment of the appraisal award precludes Plaintiff's extra-contractual claims in this case.

Plaintiff argues, correctly, that the Texas Supreme Court in *Menchaca* clarified that its decision in *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex. 1988), remains intact. In *Vail*, the issue was whether policy benefits improperly withheld were actual damages in relation to a claim of unfair claims settlement practices. *See Menchaca*, 2017 WL 1311752 at *8 (citing *Vail*, 754 S.W.2d at 136). The Texas Supreme Court in *Vail* held that the policy benefits were actual damages under the Texas Insurance Code. *See id.* In Plaintiff's case, however, there are no "improperly withheld policy benefits" because the policy benefits were paid in full by Defendant's payment of the appraisal award. As a result, Plaintiff's reliance on the *Vail* decision is misplaced.

## IV. <u>CONCLUSION AND ORDER</u>

On April 17, 2017, State Farm made full and timely payment of the appraisal award. As a result, based on clearly-established Texas law which has not been changed by the Texas Supreme Court's *Menchaca* decision, Plaintiff's breach of

contract and extra-contractual claims are precluded as a matter of law. It is, therefore, hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 15] is **DENIED**, Defendant's Motion for Summary Judgment [Doc. # 11] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **14th** day of **July, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE